No. 2--04--0766     Filed 5/3/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 91--CF--408 |
| QUEINTIN A. STONE, | ) ) | Honorable Patricia Piper Golden, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Queintin A. Stone, appeals the second-stage dismissal of his postconviction petition. The issue raised on appeal is whether People v. Lander, 215 Ill. 2d 577 (2005), which was decided while defendant's appeal was pending in this court, applies to this cause and mandates that postconviction counsel should have complied with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) even though the State moved to dismiss as untimely the pro se petition defendant filed. Citing People v. Erickson, 117 Ill. 2d 271 (1987), the State concedes that Lander would apply but for the fact that Lander concerns a rule of procedure in statutory postconviction proceedings, not a rule of constitutional law. For the reasons that follow, we reverse the trial court's dismissal of defendant's petition and remand this cause for postconviction counsel to comply with Rule 651(c).

In November 1990, Jason Bercaw, who was delivering pizzas for Domino's, was strangled to death, and defendant subsequently was charged with his murder (Ill. Rev. Stat. 1991, ch. 38, par. 9--

1).  Following a jury trial, defendant was found guilty and sentenced to natural life in prison without the possibility of parole, based on a finding that the murder occurred during an attempted armed robbery (see Ill. Rev. Stat. 1991, ch. 38, pars. 9--1(b)(6)(a)(i), 1005−8−1(a)(1)(b)).  Defendant appealed his conviction and sentence, and this court affirmed.  People v. Stone, No. 2--92--1225 (1994) (unpublished order under Supreme Court Rule 23).

In 2001, defendant petitioned pro se for postconviction relief, contending that his sentence must be vacated and the cause remanded for a new sentencing hearing because, in violation of Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), his sentence was predicated on a fact neither charged in the indictments nor proved beyond a reasonable doubt, i.e., the fact that the murder occurred during an attempted armed robbery.  In 2003, defendant moved pro se to file a supplemental petition.  In the supplemental petition, defendant claimed that his appellate counsel was ineffective for failing to raise various errors his trial counsel committed.  Specifically, defendant argued that his trial attorney was ineffective when he did not challenge the sufficiency of the State's evidence, failed to file a motion to suppress the statements defendant made to the police, did not challenge the trial court's ruling that defendant was eligible for the death penalty, and conceded that defendant was guilty when he introduced at trial the statements defendant made to the police.  Moreover, defendant contended that he was denied the right to a jury that represented a fair cross-section of the community, because only two minorities were seated on the jury.

In February 2004, the trial court advanced defendant's petition to stage two of postconviction proceedings and appointed counsel to represent him (see 725 ILCS 5/122--2.1(b), 122--4 (West 2002)).  During the next three months, the parties and the trial court attempted to locate the record, so that defense counsel could review it and file an amended petition.  In June 2004, the record was located and the State advised the trial court and defense counsel that it was going to move to dismiss

defendant's petition, as it was not timely filed and defendant failed to plead any facts establishing that the delay in filing the petition was not due to his own culpable negligence (see 725 ILCS 5/122--1(c) (West 2002)). Given the State's position, the trial court inquired whether defense counsel wished to review the record. Although the record was readily available, counsel agreed that the clerk should keep the record.

Defense counsel subsequently contacted defendant and moved to strike the State's motion to dismiss. In that motion, counsel conceded that the petition was not timely filed. However, she claimed that the delay in filing the petition was not due to defendant's culpable negligence. To this end, counsel alleged that (1) defendant had problems with a private attorney hired to handle his direct appeal, and this attorney failed to file an appeal and kept defendant's retainer; (2) defendant had not received a complete copy of the trial court transcripts, despite repeated requests for those documents; (3) defendant's prison had been on lock down, and, thus, he was unable to seek legal assistance; (4) defendant had been unable to contact the State's key witness, whom defendant believed could prove his actual innocence; and (5) defendant repeatedly requested, but never received, the results of DNA tests conducted on matter found under Bercaw's fingernails, which defendant believed would also establish his actual innocence. At the subsequent hearing, defense counsel raised two other bases to support defendant's excuse for filing a late petition. First, counsel contended that in March 1999 defendant's family had hired an attorney to prepare a petition, but no petition was ever filed. Second, counsel alleged that defendant believed that there was no limitations period in which to challenge an unauthorized sentence or bring a claim of actual innocence. At no time during the postconviction proceedings did counsel file a Rule 651(c) certificate. The trial court dismissed the petition, finding that the petition was not timely filed and

that defendant failed to plead facts sufficient to establish that the delay in filing the petition was not due to his own culpable negligence. This timely appeal followed.

The question raised in this appeal is whether this cause must be remanded so that postconviction counsel can comply with Rule 651(c). As this issue concerns a question of law, our review is de novo. People v. Breedlove, 213 Ill. 2d 509, 512 (2004).

Resolution of the issue raised on appeal begins with examining Rule 651(c), which provides, in pertinent part, as follows:

"The record filed in [the trial court] shall contain a showing, which may be made by the certificate of [defendant's] attorney, that the attorney has consulted with [defendant] either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed pro se that are necessary for an adequate presentation of [defendant's] contentions." 134 Ill. 2d R. 651(c).

The question then becomes whether, even when the State moves to dismiss as untimely a pro se petition, defense counsel is required to file a Rule 651(c) certificate or otherwise comply with the rule. See People v. Williams, 186 Ill. 2d 55, 59 n.1 (1999) (providing that filing of Rule 651(c) certificate is not necessary if the record adequately reflects that postconviction counsel otherwise complied with the rule). As the parties note, our supreme court addressed that precise issue in Lander. In Lander, the defendant petitioned pro se for postconviction relief. Lander, 215 Ill. 2d at 580. The trial court found that the defendant's petition was not frivolous or patently without merit, and, thus, it advanced the petition to the second stage of postconviction proceedings and appointed counsel to represent the defendant. The two attorneys whom the trial court appointed filed various motions related to whether the defendant's petition was timely, but no amended petition was ever

filed. The State moved to dismiss the defendant's petition, contending that the petition was untimely. The trial court granted the motion, finding that the defendant failed to establish that the delay in filing his petition was not due to his own culpable negligence.

On appeal to our supreme court, the defendant claimed that the untimeliness of his petition did not excuse his attorneys from complying with Rule 651(c), and, because counsel failed to fulfill their duties under that rule, he was denied the reasonable assistance of counsel. Lander, 215 Ill. 2d at 583. The court agreed with the defendant, holding that, irrespective of the untimeliness of the defendant's petition, counsel were required to comply with Rule 651(c). Lander, 215 Ill. 2d at 584. In reaching that conclusion, the court observed that the decision to move to dismiss an untimely petition may be waived, and a dutiful prosecutor may choose to take this course of action when presented with a cause in which the defendant suffered the deprivation of a constitutional right. Lander, 215 Ill. 2d at 584. However, before the State can make an informed decision about whether to waive a challenge to the timeliness of the defendant's petition, defense counsel must comply with Rule 651(c) and advise the State about the magnitude of the constitutional violations the defendant suffered. Lander, 215 Ill. 2d at 585. Accordingly, the claim that the defendant's petition was untimely did not excuse defense counsel from complying with Rule 651(c). Lander, 215 Ill. 2d at 585.

Here, as in Lander, the record reveals that counsel did not comply with Rule 651(c). No Rule 651(c) certificate appears in the record, and nothing indicates that compliance with Rule 651(c) was otherwise had. For example, although counsel contacted defendant, it appears from the record that their communications primarily concerned whether defendant had a viable excuse for failing to file a timely petition. Moreover, the record clearly refutes any contention that counsel examined the

record. Indeed, she advised the trial court that she would not review the record given the fact that the State had moved to dismiss defendant's petition as untimely.

Citing Erickson, the State contends that Lander cannot be applied in this case. In Erickson, our supreme court devised a two-part test to govern the retroactive application of new rules announced in court opinions, basing its test on a reading of Griffith v. Kentucky, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987). That test provides that retroactivity is triggered when "(1) the case to which the new rule is to be applied was not final or was pending on direct review when the rule was declared and (2) the rule to be applied retroactively is of constitutional dimension." Erickson, 117 Ill. 2d at 289. Pursuant to this test, the State concedes that defendant's case was not final when Lander was decided. However, the State claims that the second prong of the test is not met. That is, the State argues that the rule that counsel must comply with Rule 651(c) even when the State moves to dismiss the petition as untimely is not a rule of constitutional proportions, because postconviction proceedings are statutorily created and not born out of any constitutional rights.

At a minimum, we find the State's argument untenable, as Erickson clearly represents a subset to the general rule. While Erickson discusses the rules of retroactivity when a judicial decision announces a new constitutional rule, it does not state that only those decisions apply retroactively. Indeed, in People v. Granados, 172 Ill. 2d 358, 361-62, 365 (1996), our supreme court applied one of its decisions retroactively in a case where the defendant was granted postconviction relief. In so doing, the court cited to the great weight of authority that provides that, "[a]s a general rule, *** this court's decisions apply to all cases that are pending when the decision is announced, unless this court directs otherwise." Granados, 172 Ill. 2d at 365 (and cases cited therein); see also People v. Linder, 186 Ill. 2d 67, 75 (1999); People v. Neal, 179 Ill. 2d 541, 552 (1997); Deichmueller Construction Co. v. Industrial Comm'n, 151 Ill. 2d 413, 416 (1992). One of the two

cases in <u>Granados</u> that the court cited in derogation of this general rule was <u>Griffith</u>, which <u>Erickson</u> relied on in reciting its two-part test. Even a cursory examination of <u>Erickson</u>'s test and the general rule establishes the subordination of <u>Erickson</u> to the general rule. Thus, although <u>Erickson</u> does not apply, we nevertheless find that <u>Lander</u> should be given retroactive effect, unless the court directed otherwise pursuant to the general rule set forth in <u>Granados</u>.

A further examination of <u>Lander</u> reveals that the supreme court did not limit its decision to prospective application only, and it has not spoken on the issue since <u>Lander</u> was decided. Thus, we must presume that <u>Lander</u> is to be applied retroactively to cases like this one, <u>i.e.</u>, cases pending on appeal when <u>Lander</u> was filed. See <u>Marozas v. Board of Fire & Police Commissioners</u>, 222 Ill. App. 3d 781, 788 (1991) (noting that "[our supreme court's] decision[s] will generally be applied retroactively unless the court expressly declares that its decision is a clear break with the past"). Because <u>Lander</u> requires postconviction counsel to comply with Rule 651(c) even on these facts, and because counsel here failed to fulfill her obligations under that rule, we must reverse the trial court's dismissal of defendant's petition and remand this cause for compliance with Rule 651(c).

For these reasons, the judgment of the circuit court of Kane County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

GROMETER, P.J., and KAPALA, J., concur.