2016 IL App (4th) 140517

NO. 4-14-0517

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| ERIC J. MASON, | ) | No. 11CF93 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William O. Mays, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.
Justices Harris and Pope concurred in the judgment and opinion.

**OPINION**

¶ 1        In August 2012, defendant, Eric J. Mason, *pro se*, filed an amended petition for

postconviction relief.  Therein, he alleged his trial counsel provided ineffective assistance of

counsel.  In November 2012, the trial court advanced defendant's petition to the second stage of

postconviction proceedings and appointed counsel to represent defendant.  In January 2014,

postconviction counsel filed a certificate of compliance pursuant to Illinois Supreme Court Rule

604(d) (eff. Feb. 6, 2013), even though the certificate should have been filed under Illinois

Supreme Court Rule 651(c) (eff. Feb. 6, 2013).  During the postconviction proceedings,

defendant complained his postconviction counsel was providing unreasonable assistance by

failing to properly communicate with him and inadequately representing his interests.  In

February 2014, the State filed a motion to dismiss defendant's postconviction petition, which the

trial court granted in May 2014.

¶ 2 Defendant appeals, asserting (1) postconviction counsel provided unreasonable assistance of counsel, and (2) the trial court erred in dismissing his postconviction petition at the second stage of proceedings. Because we conclude postconviction counsel's certificate failed to substantially comply with Rule 651(c), we reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4 As we find postconviction counsel's failure to demonstrate substantial compliance with Rule 651(c) requires reversal, we will summarize only the facts necessary to the disposition of this appeal.

¶ 5                          A. The Plea Agreement and Sentencing

¶ 6 In October 2011, defendant entered a plea of guilty to two counts of residential burglary (720 ILCS 5/19-3 (West 2010)) and one count of theft over $500 (720 ILCS 5/16-1(a)(1) (West 2010)). In March 2012, the trial court sentenced defendant to a total of 17 years' imprisonment—10 years on the residential-burglary counts, to be served consecutively to 7 years on the theft count. In April 2012, defendant filed a motion to withdraw his guilty plea and vacate his sentence, but the trial court dismissed it as untimely. Defendant's appeal of the court's order was later dismissed by this court. *People v. Mason*, No. 4-12-0559 (Dec. 7, 2012) (letter order dismissing appeal on defendant appellant's motion).

¶ 7                          B. Petition for Postconviction Relief

¶ 8 In August 2012, defendant, *pro se*, filed an original and then an amended postconviction petition. In his amended petition, defendant asked the trial court to substitute the amended petition for the original petition. Defendant's amended petition alleged trial counsel provided ineffective assistance of counsel, in part, by failing to (1) investigate and interview

witnesses; (2) obtain certain evidence; and (3) retrieve defendant's credit card from the jail for the purpose of defendant hiring private counsel, despite agreeing to do so on the record.

¶ 9                                  1. *Appointment of Postconviction Counsel*

¶ 10          In November 2012, the trial court found defendant had met his burden of stating the gist of a constitutional claim and appointed the public defender's office to represent defendant. In January 2014, defendant's appointed postconviction counsel filed a certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013), rather than the required certificate under Rule 651(c). Therein, postconviction counsel stated he had reviewed defendant's *pro se* motion, consulted with defendant by mail and phone to ascertain his contentions of error in the plea and sentencing hearings, and ascertained no amendments to defendant's *pro se* motion were necessary to present defendant's contentions of error at the plea and sentencing proceedings.

¶ 11          Later that month, the trial court received a letter from defendant, asking for the appointment of new counsel. He alleged postconviction counsel had ignored his letters, and when they spoke on the phone in November 2013, defendant found postconviction counsel to lack knowledge of his case.

¶ 12                                  2. *The Motion To Dismiss*

¶ 13          In February 2014, the State filed a motion to dismiss defendant's amended postconviction petition, asserting the claims were unsupported by the record. Later that month, postconviction counsel filed a response to the motion to dismiss, arguing defendant provided a substantial showing of a constitutional violation.

¶ 14          In April 2014, the trial court held a hearing on the State's motion to dismiss. Prior to commencing the hearing, however, the court allowed defendant to address the January 2014

- 3 -

letter he sent requesting the appointment of new counsel. Defendant admitted he had consulted with postconviction counsel but not "in the way that [he] should have." Further, defendant said he was unaware postconviction counsel had adopted his amended *pro se* petition. Defendant stated he had information he had hoped postconviction counsel would add to the petition but agreed with counsel's assessment that the information only went to the sufficiency of the evidence, not the hearing on the motion to dismiss.

¶ 15        Given the nature of defendant's concerns, the prosecutor suggested postconviction counsel be given additional time to consult with defendant, and the trial court agreed. However, both postconviction counsel and defendant stated they were ready to proceed. Following the presentation of evidence, the court granted the State's motion to dismiss.

¶ 16        This appeal followed.

¶ 17                            II. ANALYSIS

¶ 18        On appeal, defendant asserts he received (1) unreasonable assistance from postconviction counsel and (2) ineffective assistance from trial counsel. We begin by addressing defendant's assertion that postconviction counsel failed to file a certificate in compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013).

¶ 19        A defendant's right to postconviction counsel is wholly statutory. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007). "Therefore, a petitioner is entitled only to the level of assistance required" under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)). *Perkins*, 229 Ill. 2d at 42, 890 N.E.2d at 402. Under the Act, a defendant is entitled only to reasonable assistance of counsel. *Id.*; see also *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006). Reasonable assistance of counsel is premised on counsel's compliance with Rule 651(c). See *id.* at 42, 890 N.E.2d at 403. Although

strict compliance is not necessary, postconviction counsel must substantially comply with Rule 651(c). Our review is *de novo*. *People v. Bell*, 2014 IL App (3d) 120637, ¶ 9, 16 N.E.3d 910.

¶ 20     Under Rule 651(c), postconviction counsel must file a certificate indicating he "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 21     In this case, postconviction counsel filed a certificate pursuant to Rule 604(d), which is required when a defendant seeks to withdraw his guilty plea. A certificate filed under Rule 604(d) requires the attorney to affirm he "has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).

¶ 22     While similar in nature, Rule 604(d) and Rule 651(c) certificates contain noticeable differences. Under Rule 604(d), the attorney's certificate requires only that the attorney consult with defendant and review the records with respect to the plea and sentencing proceedings. Conversely, under Rule 651(c), the attorney's certificate requires the attorney to consult with defendant regarding any contentions of deprivation of constitutional rights, and he must review the record of proceedings. In other words, a Rule 604(d) certificate is more limited in scope than a Rule 651(c) certificate.

¶ 23    In *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 14, 968 N.E.2d 1170, postconviction counsel filed a certificate with a caption indicating it was filed pursuant to Rule 604(d). However, the court noted the contents of the certificate were consistent with the requirements of Rule 651(c) where the certificate stated postconviction counsel "attempted to consult with defendant, reviewed the court file and record of proceedings, and made any necessary amendments." *Id*. Moreover, in *Kirkpatrick*, postconviction counsel made representations on the record that he had spoken and corresponded with the defendant and discussed potential changes to the *pro se* petition. *Id*.

¶ 24    Here, unlike in *Kirkpatrick*, postconviction counsel did not merely mislabel the caption of his certificate; rather, the language contained within the certificate mirrors the precise language of Rule 604(d). Although the claims in defendant's *pro se* postconviction petition revolved mostly around his guilty plea and sentencing, some of his claims required postconviction counsel to consider the records from other proceedings. Thus, the certificate filed by postconviction counsel fails to demonstrate he reviewed the transcripts of all the trial court proceedings or spoke with defendant about his contentions of constitutional deprivation outside of the plea and sentencing hearings.

¶ 25    Moreover, unlike *Kirkpatrick*, we have no statements on the record from postconviction counsel clarifying whether he spoke with defendant about his claims of constitutional deprivation or reviewed the necessary records. The purpose of a Rule 651(c) certificate " 'is to ensure that all indigents are provided proper representation when presenting claims of constitutional deprivation' " filed under the Act. *People v. Suarez*, 224 Ill. 2d 37, 47, 862 N.E.2d 977, 982 (2007) (quoting *People v. Brown*, 52 Ill. 2d 227, 230, 287 N.E.2d 663, 665 (1972)). Without assurances from the record that postconviction counsel fulfilled his duty under

Rule 651(c) rather than under Rule 604(d), we conclude postconviction counsel's certificate failed to substantially comply with Rule 651(c). Where a certificate is deficient, the appropriate remedy is to reverse the judgment of the trial court and remand this cause for compliance with Rule 651(c). See *People v. Stone*, 364 Ill. App. 3d 930, 935, 848 N.E.2d 223, 228 (2006). We therefore reverse the trial court's judgment and remand the case for further second-stage proceedings under the Act. Defendant should be appointed new counsel, who shall file a new certificate pursuant to Rule 651(c).

¶ 26 Because we are remanding this case for compliance with Rule 651(c), we need not address defendant's remaining contentions of error.

¶ 27 III. CONCLUSION

¶ 28 For the foregoing reasons, we reverse the trial court's judgment and remand for further second-stage proceedings under the Act.

¶ 29 Reversed and remanded.