NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180620-U

NO. 4-18-0620

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 6, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| JASON C. JOHNSON, | ) | No. 13CF163 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court granted counsel's motion to withdraw because no meritorious issues could be raised on appeal.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel. In August 2017, defendant, Jason C. Johnson, *pro se* filed a petition for postconviction relief, alleging several claims of ineffective assistance of counsel. In August 2018, the trial court granted the State's motion to dismiss, finding defendant's petition was untimely.

¶ 3    In March 2020, OSAD filed a motion to withdraw. In its brief, OSAD contends that appeal of this case would be without arguable merit. We agree, grant OSAD's motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5                                A. Procedural History

¶ 6      In May 2014, a jury convicted defendant of two counts of predatory criminal

sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2012)). The charges stemmed from allegations

made by M.B., a minor under the age of 13, regarding two separate instances of sexual

penetration. In August 2014, the trial court sentenced defendant to two consecutive sentences of

20 years in prison.

¶ 7      In April 2016, this court affirmed defendant's conviction and sentence on direct

appeal. *People v. Johnson*, 2016 IL App (4th) 150004, ¶ 4, 55 N.E.3d 32. Defendant did not file

a petition for leave to appeal to the Illinois Supreme Court or a petition for *certiorari* to the

United States Supreme Court.

¶ 8                          B. The Postconviction Petition

¶ 9      In August 2017, defendant filed a petition pursuant to the Post-Conviction

Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), alleging several claims of ineffective

assistance of trial counsel. The trial court appointed counsel and advanced the petition to second-

stage proceedings.

¶ 10     In May 2018, defendant, through counsel, filed an amended postconviction

petition raising claims of ineffective assistance of trial and appellate counsel. The amended

petition acknowledged that the *pro se* petition was not timely filed but maintained that defendant

was not culpably negligent. The amended petition stated as follows:

> "Defendant lacks the legal knowledge and ability to prepare the necessary
>
> pleadings and therefore needed the assistance of a jailhouse lawyer.
>
> Unfortunately, Defendant was delayed in his pursuit of said assistance because of
>
> an attack in prison that Defendant suffered and the prison culture that denied him
>
> access to any assistance."

2

¶ 11       Defendant attached affidavits in support of his claim of delay. In his own affidavit, defendant detailed his efforts to obtain assistance from inmates and law library staff. Defendant stated that he was represented by private counsel on direct appeal but he ran out of funds. Defendant explained that he was provided with the form and instructions for how to file a petition for leave to appeal and, later, a postconviction petition, but due to the nature of his convictions, he could not find anyone to help him prepare those filings. Defendant also stated that he had been attacked, had to be moved into protective custody, and only found someone willing to assist him in July 2017.

¶ 12       Defendant also attached the affidavit of the inmate who finally agreed to assist him. The inmate generally corroborated the difficulty child sex-offenders have getting assistance from inmates on legal matters. The inmate also averred that he informed defendant that the time for filing a petition for leave to appeal and a petition for *certiorari* had expired and therefore defendant had three years from the date of his conviction to file a postconviction petition.

¶ 13       In July 2018, the State filed a motion to dismiss, arguing that defendant was required to file his postconviction petition within six months from the date he could have filed a petition for leave to appeal (PLA). Defendant's direct appeal was decided in April 2016, and the deadline to file a PLA was in May 2016. Defendant did not file his petition until well over a year later. The State further argued that defendant did not set forth any basis to conclude that (1) his being attacked prevented him from filing a timely petition or (2) he could not have filed a petition without assistance. The State also noted that defendant admitted in his affidavit that he received the proper forms and instructions well before the filing deadlines.

¶ 14       Defendant filed a response to the State's motion asserting that the affidavits attached to the amended petition sufficiently demonstrated that the delay in filing was due to

3

defendant's mistreatment and not his culpable negligence. Defendant further noted that he *pro se* filed a motion for leave to file a late petition for writ of *certiorari* with the United States Supreme Court in April 2018, and because that Court had yet to rule on the motion, his petition was timely. Defendant attached a copy of that motion, in which he stated that he attempted to file a PLA in the Illinois Supreme Court in May 2017, but the PLA was returned unfiled with a letter stating the PLA failed to comply with supreme court rules.

¶ 15    In August 2018, the trial court conducted a hearing on the State's motion to dismiss. Following argument, the trial court granted the State's motion. The court began by explaining that defendant's late filing of a PLA and petition for *certiorari* did not toll the deadline for filing a postconviction petition. Further, the court found that defendant was culpably negligent for the late filing because (1) he did not attempt to comply with the deadline on his own despite being provided with the form and instructions for doing so and (2) case law established that a defendant is not entitled to rely on advice from "jailhouse lawyers" or inmates. Accordingly, the court dismissed defendant's amended petition.

¶ 16                                C. OSAD's Motion To Withdraw

¶ 17    Defendant appealed the trial court's dismissal, and the trial court appointed OSAD to represent defendant. In March 2020, OSAD filed a motion to withdraw, asserting that (1) defendant's petition was untimely, (2) defendant was culpably negligent, and (3) postconviction counsel provided reasonable representation as required by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). OSAD served a copy of its motion to withdraw on defendant, and defendant failed to file a response. We agree with OSAD, grant its motion, and affirm the trial court's judgment.

¶ 18                                      II. ANALYSIS

4

¶ 19                                    A. Defendant's Petition Was Untimely

¶ 20            The Act allows individuals convicted of a criminal offense to challenge the proceedings in which they were convicted under federal or state constitutions or both. *People v. Cathey*, 2012 IL 111746, ¶ 17, 965 N.E.2d 1109. Section 122-1(c) of the Act provides that "[i]f a petition for *certiorari* is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2016). The Illinois Supreme Court has held that, under the Act, if a defendant fails to file a PLA, the deadline for filing a postconviction petition is 35 days plus 6 months from the date the appellate court issued its decision. *People v. Johnson*, 2017 IL 120310, ¶ 24, 77 N.E.3d 615. In *Johnson*, the court rejected a reading of the Act that would have permitted defendants to file petitions "more than 20, 30, or even 50 years after an appeal, a period longer than any deadline ever imposed by the Act." *Id.* ¶ 21.

¶ 21            This court issued its ruling on direct appeal on April 25, 2016. Accordingly, defendant had until November 30, 2016, to file his postconviction petition. Defendant *pro se* filed his petition in August 2017, several months after the deadline. Additionally, as OSAD and the trial court recognized, defendant's attempts to file a late PLA and petition for *certiorari* cannot extend the deadline. Such a reading of the Act would be impermissible because it would allow defendants to wait "20, 30, or even 50 years after an appeal" to file a late petition for *certiorari* and thereby sidestep the clear legislative purpose of the Act. *Id.* (We note that even accepting defendant's contention, defendant filed his late PLA and petition for *certiorari* well after November 30, 2016, and therefore, such filings could not have tolled the deadline.) As such, the trial court's ruling was correct, and any argument to the contrary would be meritless

under supreme court precedent.

¶ 22                    B. Defendant Was Culpably Negligent

¶ 23        The Act provides that a defendant may file a petition after the deadline if he or she "alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-(c) (West 2016). "[T]he 'culpably negligent' standard contemplates 'something greater than ordinary negligence and is akin to recklessness.' " *Johnson*, 2017 IL 120310, ¶ 26 (quoting *People v. Boclair*, 202 Ill. 2d 89, 108, 789 N.E.2d 734, 745 (2002)). "Ignorance of the law or legal rights will not excuse delay in bringing a lawsuit." (Internal quotation marks omitted.) *Id.* "[A] defendant's reliance on the advice of jailhouse lawyers, a prison law clerk, and a law librarian or paralegal [is] not reasonable when there [are] no facts alleged to show that they had any specialized knowledge in postconviction matters," and any such reliance is insufficient to establish a lack of culpable negligence. *Id.* (citing *People v. Lander*, 215 Ill. 2d 577, 588, 831 N.E.2d 596, 603 (2005)). "We review a trial court's ultimate conclusion as to whether the established facts demonstrate culpable negligence *de novo*." *People v. Byrd*, 2018 IL App (4th) 160526, ¶ 56, 138 N.E.3d 64.

¶ 24        In this case, as the trial court noted, defendant never provided any explanation for why he could not at least attempt to follow the instructions and file a PLA or postconviction petition. Defendant readily admitted he had access to the law library and law clerks to help him with research. Further, defendant admitted he received the appropriate forms and instructions from those resources in a timely manner. Instead, defendant made the decision to wait until he found a "jailhouse lawyer" willing to help him, despite his ready knowledge that such assistance would be very difficult to obtain given the nature of his convictions. The trial court's conclusions were supported by the information before it, and defendant's case is, if anything, weaker than the

6

defendants in *Johnson* and *Lander*. Accordingly, we agree with OSAD that no meritorious argument exists that the court's finding of culpable negligence was improper.

¶ 25　　　　　　　　C. Postconviction Counsel Provided Reasonable Assistance

¶ 26　　　　　Last, OSAD contends it examined whether any meritorious argument exists that postconviction counsel failed to provide reasonable assistance as required by Rule 651(c). The Illinois Supreme Court has determined that the Act and Rule 651 require appointed counsel to provide only reasonable assistance, a lower standard than that which the constitution requires at trial. *People v. Kuehner*, 2015 IL 117695, ¶ 15, 32 N.E.3d 655. To provide reasonable assistance, counsel must (1) consult with the defendant to determine the issues defendant wants to raise, (2) examine the record of the proceedings in the trial court, and (3) make any amendment to the petition necessary to adequately preserve defendant's contentions. *Id.* Counsel is required to make any amendments necessary to overcome procedural bars that will result in dismissal of the petition if not rebutted, such as an argument that the defendant was not culpably negligent in filing a late petition. *People v. Perkins*, 229 Ill. 2d 34, 44, 890 N.E.2d 398, 403 (2007). This court reviews whether postconviction counsel complied with Rule 651(c) *de novo*. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19, 56 N.E.3d 1141.

¶ 27　　　　　Here, postconviction counsel filed a Rule 651(c) certificate attesting that he complied with the requirements of the rule. Further, counsel amended defendant's *pro se* petition and attached affidavits to support his argument that defendant's petition was either (1) timely or (2) not the result of defendant's culpable negligence. The record demonstrates that counsel made every effort to convince the trial court to excuse the untimely filing.

¶ 28　　　　　　　　　　　　III. CONCLUSION

¶ 29　　　　　For the reasons stated, OSAD's motion to withdraw is granted, and the trial

7

court's judgment is affirmed.

¶ 30          Affirmed.