NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200350-U

NO. 4-20-0350

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 30, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| EDWARD JORDAN, | ) | No. 13CF1010 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The motion of the Office of the State Appellate Defender to withdraw as defendant's appellate counsel is granted and the circuit court's dismissal of defendant's postconviction petition at the second stage is affirmed.

¶ 2    Defendant Edward Jordan appeals the circuit court's second-stage dismissal of his postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent him but has filed a motion to withdraw as appellate counsel, alleging defendant's appeal lacks arguable merit. We grant OSAD's motion and affirm the court's dismissal.

¶ 3                                    I. BACKGROUND

¶ 4    Following a bench trial in December 2014, the trial court found defendant guilty of unlawful delivery of a controlled substance within 1000 feet of a church (720 ILCS 570/407(b)(1) (West 2012)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2012)),

and aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a)(4) (West 2012)). The court sentenced defendant to 13 years' imprisonment for unlawful delivery and concurrent 3-year terms for each of his possession and aggravated-fleeing convictions.

¶ 5        Defendant filed a direct appeal. This court remanded for compliance with *People v. Krankel*, 102 Ill. 2d 181 (1984) and with directions for a determination of whether the telephone conversations recorded by a detective between defendant and a confidential source were admissible as part of a joint federal-state narcotics investigation. See *People v. Jordan*, 2017 IL App (4th) 150244-U, ¶ 29. On remand, the trial court found no merit in any of defendant's *pro se* claims of ineffective assistance of counsel and that documents presented established there *was* federal authority for the recordings.

¶ 6        Defendant appealed these two findings. This court held excluding the recordings from the trial would not have changed the outcome and the trial court's *Krankel* inquiry was adequate. See *People v. Jordan*, 2018 IL App (4th) 170861-U, ¶¶ 6-7.

¶ 7        On October 1, 2018, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2016)), claiming newly discovered evidence in the form of responses to several of his requests pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. (West 2016)), revealed there was, in fact, no joint federal-state investigation authorizing the recording of his telephone conversations with the confidential informant. He claimed that, given this information, it was apparent (1) his trial counsel rendered ineffective assistance by failing to file a motion to suppress the recordings and (2) the prosecutor committed misconduct by allowing the detective to testify falsely about his authority to record the calls. Upon review of defendant's petition, the circuit court appointed counsel for defendant and advanced the petition to the second stage of postconviction proceedings. Counsel

filed an amended petition and a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Counsel's amended petition reasserted and further supported defendant's original claims.

¶ 8 The State filed a motion to dismiss, asserting defendant's claims were barred by *res judicata* after this court had held there was no reasonable probability the exclusion of the recordings would alter the outcome of the trial. In the alternative, the State argued (1) the evidence was not "newly discovered," (2) the evidence did not conclusively establish there had been no federal authority for the recordings, (3) defendant's trial counsel had personally verified the federal authority, which the trial court accepted, and (4) even assuming the detective misspoke, it did not raise a constitutional issue.

¶ 9 After a second-stage hearing, the circuit court granted the State's motion to dismiss, finding (1) *res judicata* barred claims related to the admissibility of the telephone-call recordings, (2) defendant failed to make a substantial showing of a constitutional violation related to the detective's alleged perjury, (3) appellate counsel was not deficient in failing to raise the perjury claim on direct appeal, and (4) there was no cumulative error.

¶ 10 This appeal followed. As stated, OSAD was appointed to represent defendant on appeal. On April 29, 2021, it filed a motion to withdraw as appellate counsel. This court granted defendant leave to file a response to OSAD's motion, but he has not responded. Following our review of the record, we grant OSAD's motion and affirm the circuit court's judgment.

¶ 11 II. ANALYSIS

¶ 12 On appeal, OSAD filed both a motion to withdraw as appellate counsel and an accompanying memorandum of law in support of that motion. After identifying two general potential issues that could be raised on appeal, OSAD concluded those issues are without arguable

merit. OSAD considered whether (1) defendant made a substantial showing of a constitutional violation and (2) defendant's postconviction counsel complied with Rule 651(c). After reviewing the record, we agree defendant's appeal lacks merit and grant OSAD leave to withdraw as defendant's appellate counsel.

¶ 13        "The Post-Conviction Hearing Act provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. At the first stage of postconviction proceedings, "the circuit court must, within 90 days of the petition's filing, independently review the petition, taking the allegations as true, and determine whether 'the petition is frivolous or is patently without merit.' " *People v. Hodges*, 234 Ill. 2d 1, 10 (2009) (quoting 725 ILCS 5/122-2.1(a)(2) (West 2006)). At the second stage, the court may appoint counsel for the defendant to assist with review of the record and amendment of the petition, which amended petition the State can either move to dismiss or answer. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). We review a second-stage dismissal of a postconviction petition *de novo*. *Id.* at 473.

¶ 14                          A. Constitutional Violation

¶ 15        In its motion to withdraw, OSAD concludes defendant cannot make a substantial showing of any constitutional violation. In his amended postconviction petition, defendant claimed (1) trial counsel was ineffective for failing to move to suppress the recordings, (2) he was denied due process when the detective testified falsely at trial that he had an "overhear" allowing him to record the calls, (3) the cumulative effect of these errors violated his constitutional rights, and (4) appellate counsel was ineffective for failing to raise these issues on direct appeal.

¶ 16                          1. *Ineffective Assistance of Trial Counsel*

¶ 17　　　　Criminal defendants are guaranteed the right to effective assistance of counsel under both the United States Constitution and the Illinois Constitution. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). In order to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

¶ 18　　　　Here, defendant cannot demonstrate prejudice after this court had already determined defendant suffered no prejudice by counsel's failure to file a motion to suppress the admission of the recorded calls. See *Jordan*, 2018 IL App (4th) 170861-U, ¶¶ 44-52. We found no reasonable probability the outcome of the trial would have been different had the evidence been suppressed. *Id.* at ¶ 48. This is so because the telephone conversations, which "were carried on largely in ambiguous street slang," had little usefulness to the trial court as the trier of fact. *Id.* at ¶ 49. We found "[h]ad the recordings been excluded, nothing would have prevented [the confidential informant] and [the detective] from summarizing the telephone conversations in plain, uncoded English, just as they did in the bench trial." *Id.* The detective listened to the telephone conversations by speakerphone, so whether he had the authority to record them was irrelevant. *Id.* Having found defendant could not demonstrate prejudice by the lack of a motion to suppress, defendant's claim of ineffective assistance failed. *Id.* at ¶ 52.

¶ 19　　　　Because we addressed this issue on direct appeal, it is barred by the doctrine of *res judicata* in this appeal from the dismissal of defendant's postconviction petition, despite defendant's claim of newly discovered evidence. Defendant cannot demonstrate prejudice from

the lack of a motion to suppress. Thus, we agree with OSAD's assessment that no meritorious argument could be made on appeal.

¶ 20                                     2. *Due Process*

¶ 21          Defendant also claimed his due-process rights were violated when the State used perjured testimony to obtain his conviction. Defendant claims the detective's testimony that the police had an "overhear" to allow the recording of defendant's telephone conversation was blatantly false. Again, our decision on direct appeal is dispositive of this issue. On direct appeal, we determined the recordings were of no value to the trial court and thus had no impact on the result of the trial. *Jordan*, 2018 IL App (4th) 170861-U, ¶ 49. Because the recordings were of no value to the trier of fact, defendant cannot claim he suffered prejudice from any testimony related to those recordings when, even without the recordings, the result of the trial would not have been any different. Accordingly, we agree no meritorious argument related to the detective's "perjury" could be made on appeal.

¶ 22                    3. *Ineffective Assistance of Appellate Counsel*

¶ 23          Defendant claimed his appellate counsel was ineffective for failing to raise these issues on appeal. Appellate counsel renders ineffective assistance by failing to raise an issue on direct appeal if that failure was objectively unreasonable and the decision prejudiced the defendant. *People v. Easley*, 192 Ill. 2d 307, 328-29 (2000). "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *Id.* at 329. "Accordingly, unless the underlying issues are meritorious, defendant has suffered no prejudice from counsel's failure to raise them on appeal." *Id.*

¶ 24          As explained above, defendant cannot establish prejudice regarding any claim

involving the admission of the recordings. As such, appellate counsel was not ineffective for failing to raise a nonmeritorious issue on appeal.

¶ 25                    B. Compliance With Rule 651(c)

¶ 26        The record establishes postconviction counsel complied with Rule 651(c). In postconviction proceedings, a criminal defendant has a right to reasonable assistance from his attorney. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19. Reasonable assistance is assistance that substantially complies with Rule 651(c). *Id*. The rule provides, in pertinent part, as follows:

> "The record filed in [the appellate] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 27        A Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel rendered reasonable assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. This court reviews *de novo* the question of whether a postconviction attorney complied with Rule 651(c). *Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 28        Here, postconviction counsel's certificate was more than sufficient to establish a rebuttable presumption of compliance with Rule 651(c), and nothing in the record rebuts that presumption. Counsel even specified the dates of his face-to-face and telephonic meetings with the defendant and of his written correspondence with the defendant. Counsel was clearly diligent, and his assistance was more than reasonable.

¶ 29                                    III. CONCLUSION

¶ 30        For the reasons stated, we find the circuit court's ruling on defendant's postconviction petition was not manifestly erroneous and postconviction counsel did not fail to provide a reasonable level of assistance. Any argument to the contrary would lack merit. Therefore, OSAD is granted leave to withdraw as appellate counsel, and the order of the circuit court is affirmed.

¶ 31        Affirmed.