NOTICE

Decision filed 07/28/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200336-U

NO. 5-20-0336

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-CF-476 |
| | ) | |
| MARVIN O. PARKER, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The dismissal of the defendant's amended postconviction petition at the second stage of the postconviction proceedings is reversed where postconviction counsel provided unreasonable assistance by failing to shape the defendant's claims into proper form. We remand for further second-stage postconviction proceedings with new appointed counsel.

¶ 2    The defendant, Marvin O. Parker, appeals the second-stage dismissal of his amended postconviction petition by the circuit court of St. Clair County. For the following reasons, we reverse the order and remand for further second-stage proceedings with new appointed counsel.

¶ 3                                     I. BACKGROUND

¶ 4    In April 2011, a jury found the defendant guilty of armed violence, aggravated battery with a firearm, and attempted armed robbery (the aggravated battery with a firearm conviction was later merged into the armed violence conviction). The trial took place before the Honorable Judge

1

Michael Cook. Judge Cook sentenced the defendant to a total of 29 years' imprisonment. More than two years later, Judge Cook was arrested and pleaded guilty to heroin and felony weapons charges and admitted to being a heroin addict.

¶ 5    In January 2014, the defendant's convictions and sentences were affirmed on direct appeal. See *People v. Parker*, 2014 IL App (5th) 120151-U. In April 2016, the defendant filed a *pro se* postconviction petition claiming that he did not have a fair trial because Judge Cook was under the influence of drugs at that time. Specifically, the defendant alleged that Judge Cook was "nodding out" during his trial and was under the influence of heroin. Attached to his *pro se* petition was a newspaper article discussing the federal investigation into Judge Cook's drug activity.

¶ 6    After the circuit court summarily dismissed the *pro se* petition, this court vacated the circuit court's order and remanded for second-stage proceedings. See *People v. Parker*, 2019 IL App (5th) 160265-U. On remand, the defendant was appointed postconviction counsel. On May 11, 2020, counsel filed an amended postconviction petition and a certificate in compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). In the amended petition, counsel argued that the defendant was denied his fundamental right to a fair trial because Judge Cook was under the influence of drugs during the trial. Counsel also argued that the defendant was denied effective assistance of counsel because his trial counsel: (1) failed to file a motion to substitute Judge Cook for cause when Judge Cook demonstrated signs that he was under the influence of drugs, (2) failed to make the St. Clair County State's Attorney aware that Judge Cook was exhibiting signs of being under the influence of drugs, (3) failed to contact alibi witnesses, and (4) smelled like he had alcohol on his breath. The amended petition also asserted that the defendant "maintain[ed] his innocence." Attached to the amended petition was a two-page printout of a local news station's undated report about the federal government's prosecution of Judge Cook. According to the

report, following Judge Cook's arrest, the St. Clair County State's Attorney brought in two former prosecutors to review all of Judge Cook's cases. Based on that review, there were new trials ordered in two of the cases, but no other questionable rulings surfaced. Other than a one-sentence affidavit from the defendant attesting to the truth of the allegations made in the amended petition, the amended petition included no affidavits or other documentation in support of any of the claims.

¶ 7 On July 6, 2020, the State filed a motion to dismiss the amended petition, arguing that most of the claims raised in the amended petition were procedurally barred because they could have been raised on direct appeal but were not. The State also argued that there was no indication in the record that Judge Cook was prejudiced against the defendant, that the defendant received anything but a fair trial, or that Judge Cook was under the influence of drugs during any stage of the defendant's case. The State contended that the defendant had not provided any supporting documentation with respect to the allegations raised in his amended petition; regarding his allegation that his trial counsel failed to contact any of his alibi witnesses, this decision was a matter of trial strategy; the defendant failed to demonstrate prejudice; and regarding his actual innocence claim, there was no new evidence presented that supported this claim. Thus, the State argued that the amended petition should be dismissed.

¶ 8 At the hearing on the State's motion to dismiss, the defendant's postconviction counsel conceded that the defendant could have raised the ineffective assistance of trial counsel claims on direct appeal. The trial court then noted that, even if the claim regarding Judge Cook's drug use was not forfeited, the amended petition did not make any allegations that supported a conclusion that Judge Cook was under the influence at the time of the trial, which was more than two years prior to Judge Cook's arrest, or any allegations as to how Judge Cook's alleged impairment impacted the defendant's trial (specifically, what the defendant felt was unfair about his trial).

3

¶ 9    In response to the trial court's concerns, the defendant's counsel noted that an evidentiary hearing was necessary to develop those details. Specifically, counsel noted that the defendant would testify as to what he observed during the trial proceedings, and counsel wanted to subpoena Judge Cook to testify about whether he was under the influence of drugs at that time. The court then responded that, to get to the third stage, it must find that the defendant had made a substantial showing of a deprivation of his constitutional rights and that finding could not be made based on the amended petition that was filed. However, the defendant's counsel reiterated that an evidentiary hearing was necessary to develop that evidence and did not request permission to amend the petition to correct the deficiencies.

¶ 10    Thereafter, on September 10, 2020, after taking the matter under advisement, the trial court granted the State's motion to dismiss. In the order, the court found that the defendant's actual innocence argument, which merely stated that he "maintain[ed] his innocence," was not sufficient to evaluate the claim and determine whether it was based on newly discovered evidence. With regard to his ineffective assistance of trial counsel claims, the court found that these claims were forfeited because they were not raised on direct appeal. However, even if the argument concerning Judge Cook's drug use was not forfeited, the court found that argument would still fail because the defendant had not alleged any behaviors exhibited by Judge Cook during the trial that should have alerted trial counsel to Judge Cook's impairment and failed to indicate what impact Judge Cook's drug usage had on his trial. Also, the court noted that the defendant set forth absolutely no trial error or behavior on Judge Cook's part that impacted his right to a fair trial. Thus, the court found that the defendant failed to establish that he suffered a substantial denial of his constitutional rights.

¶ 11    This appeal followed.

4

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the defendant argues that postconviction counsel failed to provide reasonable assistance by inadequately amending and supporting his postconviction claims. Specifically, the defendant alleges that postconviction counsel failed to adequately support the defendant's due process claim, alibi defense claim, actual innocence claim, and remaining ineffective assistance of counsel claims.

¶ 14                                 A. Postconviction Rules

¶ 15    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a three-stage procedure for a defendant alleging substantial deprivations of his constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the trial court, without input from the State or further pleadings from defendant, determines if the petition is frivolous or patently without merit. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). If the petition is not dismissed at this stage, then it advances to the second stage where counsel may be appointed to indigent defendants (725 ILCS 5/122-4 (West 2020)) and where the State is permitted to file a motion to dismiss or an answer to the petition (*id.* § 122-5). *Hodges*, 234 Ill. 2d at 10-11. At this stage, the court must determine whether the petition makes a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). If defendant satisfies his burden of making a substantial showing of a constitutional violation, then the petition advances to a third-stage evidentiary hearing. *Id.* However, if no such showing is made, then the petition is dismissed. *Id.* The second-stage dismissal of a postconviction petition is subject to *de novo* review. *People v. Chears*, 389 Ill. App. 3d 1016, 1024 (2009).

¶ 16    The right to counsel in a postconviction proceeding is not constitutional but rather statutory in nature. *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). A postconviction defendant is

5

therefore only entitled to the level of assistance provided by the Act. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act requires counsel to provide a reasonable level of assistance to defendant in postconviction proceedings. *Id.* Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) outlines the steps an attorney must take to provide reasonable assistance. Specifically, Rule 651(c) requires that postconviction counsel certify that he consulted with defendant "to ascertain his or her contentions of deprivation of constitutional rights," examined the record of trial proceedings, and amended the petition as "necessary for an adequate presentation" of defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 17 The purpose of the rule is to ensure that postconviction counsel shapes a defendant's claims into a proper legal form and presents them to the court. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Substantial compliance with Rule 651(c) is sufficient. *Id.* Postconviction counsel's filing of a Rule 651(c) certificate raises a rebuttable presumption that counsel provided reasonable assistance under the Act, namely, that counsel adequately investigated, amended, and properly presented defendant's claims. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 18 Defendant bears the burden of overcoming this presumption by showing that postconviction counsel did not substantially comply with Rule 651(c). *People v. Addison*, 2023 IL 127119, ¶ 21. Defendant "may do so by, *inter alia*, demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition," which includes necessary amendments to overcome procedural bars. *Id.* Postconviction counsel has an obligation to present defendant's postconviction claims to the trial court in appropriate legal form. *People v. Johnson*, 154 Ill. 2d 227, 245 (1993). We review whether postconviction counsel substantially complied with Rule 651(c) *de novo*. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

6

¶ 19                                    B. Due Process Claim

¶ 20    The defendant first argues that his postconviction counsel failed to adequately support the

allegations for his due process claim based on Judge Cook's alleged use of illegal drugs at the time

of the defendant's trial.  Specifically, the defendant points out that the amended petition filed by

postconviction counsel did not include the allegation that Judge Cook was "nodding out" during

the trial, an allegation that was raised in the defendant's *pro se* petition.  The defendant notes that

the amended petition also did not include affidavits supporting the claim; instead, it attached one

supporting document, which was an undated news report that detailed Judge Cook's arrest and his

subsequent guilty plea.  The defendant further notes that, even after the trial court expressed its

concerns regarding the sufficiency of the amended petition, counsel did not request an opportunity

to further amend it to fully develop the claims to ensure that he had established a substantial

showing of a constitutional violation.  Therefore, the defendant contends that remand is necessary

because his postconviction counsel failed to comply with Rule 651(c) and that the merits of his

due process claims at this point are irrelevant because prejudice or harmless error considerations

are not part of a Rule 651(c) analysis.

¶ 21    In contrast, the State contends that postconviction counsel's Rule 651(c) obligation did not

require counsel to advance frivolous or patently meritless claims, that the defendant was required

to make a substantial showing that Judge Cook's extrajudicial conduct resulted in actual bias or

prejudice to him, and that the defendant has not identified how counsel could have amended the

petition to save it from dismissal, *i.e.*, to demonstrate that the defendant suffered actual bias or

prejudice.  We disagree with the State's contentions.

¶ 22    Unlike the majority of the cases relied upon by the State, the defendant's postconviction

counsel here filed an amended postconviction petition raising the due process claim relating to

Judge Cook's alleged drug use at the time of the defendant's trial. As postconviction counsel decided to include that claim in the amended petition, we assume that counsel found that the claim was not frivolous. "If counsel had found some of the claims in the [*pro se*] petition to be frivolous, the appropriate procedure would have been to omit those claims from the petition." *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 22. However, despite including this claim in the amended petition, postconviction counsel failed to include any allegations about any observations made regarding Judge Cook's behavior that would evidence his impairment or about how Judge Cook's alleged drug use impacted the trial, even after this deficiency was pointed out by the trial court at the motion to dismiss hearing.

¶ 23    Also, postconviction counsel attached no affidavits supporting the claim, not even an affidavit from the defendant who, according to his *pro se* petition, observed Judge Cook "nodding out" at trial; the amended petition did not even include the "nodding out" allegation. Therefore, even though postconviction counsel filed a Rule 651(c) certificate, we find that the defendant has demonstrated that counsel failed to provide the defendant with reasonable assistance when counsel failed to shape the defendant's due process claim into proper form. "We fail to see how it can be reasonable assistance of counsel for an attorney to identify claims worth pursuing but then fail to shape them into proper form." *Addison*, 2023 IL 127119, ¶ 26.

¶ 24                          C. Remaining Claims

¶ 25    The defendant also alleges that postconviction counsel failed to provide effective assistance regarding his alibi and actual innocence claims as well as the ineffective assistance claims for counsel's failure to file a motion to substitute Judge Cook, counsel's failure to make the State aware of Judge Cook's alleged impairment, and counsel smelling like he had alcohol on his breath. The State contends that the defendant's arguments fail because postconviction counsel is only

8

required to investigate and properly present *defendant's* claims. Our supreme court recognized this principle in *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). However, pursuant to section 122-2 of the Act, a "petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2020).

¶ 26    It is true that, in this case, the defendant's *pro se* petition did not make any of the claims at issue; instead, postconviction counsel independently added these claims in the amended petition. However, even when appointed postconviction counsel raises issues that were not included in the *pro se* petition, counsel nevertheless has a duty to comply with the Act. Thus, counsel still had a duty to fulfill section 122-2's requirement that the petition have supporting evidence. Despite this duty, there were no affidavits or other documentation attached to the amended petition to support the claims. Also, counsel failed to explain why this documentation was not attached.

¶ 27    Regarding the specific claims, although the names of the potential alibi witnesses were included in the record, postconviction counsel provided no supporting documentation about what the witnesses would have testified to or at least explain why this evidence was unavailable. The only allegation with regard to the alibi witnesses was that trial counsel "failed to contact alibi witnesses." As for counsel's claim that the defendant "maintains his innocence," the claim was so lacking in detail that the trial court could not determine whether the claim was based on newly discovered evidence. This conclusory claim, which was devoid of any factual allegations or supporting documentation, was inadequate to establish a substantial showing of a constitutional violation. Moreover, the amended petition failed to assert claims of ineffective assistance of appellate counsel to overcome any procedural bars, such as forfeiture, since these claims were not

9

raised on direct appeal. Therefore, we hold that postconviction counsel did not provide reasonable assistance.

¶ 28                                    D. Remand

¶ 29    As we have found that postconviction counsel failed to provide reasonable assistance, we next consider whether remand for compliance with Rule 651(c) is required. Once a defendant has rebutted the presumption of reasonable assistance, he is in the same position as a defendant in a case in which no certificate was filed and the record did not otherwise show compliance. *Addison*, 2023 IL 127119, ¶ 34. When postconviction counsel fails to adequately fulfill his duties under Rule 651(c), remand is required regardless of whether defendant's claims have merit. *Id.* ¶ 42. Thus, we find that, since postconviction counsel has failed to comply with Rule 651(c) by failing to shape the claims into an appropriate form, remand is required without consideration of the merits of the claims.

¶ 30                                  III. CONCLUSION

¶ 31    For the reasons stated, we reverse the judgment of the circuit court of St. Clair County and remand this matter for further second-stage postconviction proceedings with new counsel and compliance with Rule 651(c).


¶ 32    Reversed and remanded.