NOTICE

Decision filed 05/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210322-U

NO. 5-21-0322

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 17-CF-195 |
| | ) | |
| EDWARD WILLIAMS, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: Postconviction counsel filed a certificate that substantially complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), but the record rebuts the presumption that postconviction complied with Rule 651(c) where counsel failed to allege an essential element of a new claim in the third amended petition.

¶ 2    Defendant appeals from the dismissal of his third amended postconviction petition, alleging postconviction counsel's 651(c) certificate was insufficient and—alternatively—that the record rebuts postconviction counsel's compliance with Rule 651(c). For the following reasons, we agree with defendant's latter argument and reverse and remand for appointment of new postconviction counsel.

1

¶ 3                                    I. BACKGROUND

¶ 4     A grand jury returned an indictment against defendant with three counts of predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1) (West 2016)) (counts I, III, and IV), and aggravated criminal sexual abuse, a Class 2 felony (*id.* § 11-1.60(c)(1)(i)) (count II). The indictment alleged that all the crimes took place on or about February 15, 2017. The three counts of predatory criminal sexual assault of a child (*id.* § 11-1.40(a)(1)) asserted defendant, who was 17 years of age or older, knowingly committed an act of sexual penetration with S.H., a female minor who was under 13 years of age, by making contact between his penis and S.H.'s anus (count I), vagina (count III), and her mouth (count IV). The aggravated criminal sexual abuse count claimed defendant knowingly committed an act of sexual conduct with S.H. by transmitting his semen onto the body of S.H. for the purpose of sexual gratification or arousal.

¶ 5     The State filed an information on July 20, 2018, additionally charging defendant with aggravated criminal sexual abuse, a Class 2 felony (*id.* § 11-1.60(c)(1)(i)), in that on February 15, 2017, defendant knowingly committed an act of sexual conduct with S.H. by making contact between defendant's penis and S.H.'s anus for the sexual gratification or arousal of defendant and defendant was more than five years older than S.H.

¶ 6     The same day, the State also presented a plea agreement to the court. Pursuant to the plea agreement, defendant would plead guilty to two counts of aggravated criminal sexual abuse (count II of the indictment and count I of the information). The parties agreed defendant would be subject to Class X sentencing due to his previous felony convictions. The agreement also included a joint sentencing recommendation of 20 to 30 years' imprisonment on each count to be served consecutively to each other, and the State's agreement to dismiss the remaining charges.

¶ 7    The court went through each charge, explaining the allegations and accompanying sentences. Defendant indicated his understanding of each. The court then explained—in depth—the rights defendant would waive by pleading guilty, and defendant indicated his understanding. Defendant agreed that no one threatened or made promises beyond those set forth in the plea agreement.

¶ 8    The State provided the factual basis for the plea which include the facts that S.H. tested positive for chlamydia and DNA testing results indicated a male's profile from S.H.'s rectal swab with a match to "defendant at a rate of 1 in 290 nonillion black individuals." Defendant agreed the State could prove the factual basis. The court found defendant had been properly advised, and there were no improper promises or inducements causing the plea. It then accepted defendant's guilty plea.

¶ 9    Subsequently, after reviewing defendant's criminal history, the court determined he was eligible to be sentenced as a Class X offender and sentenced him to 30 years on each count, followed by 3 years of mandatory supervised release (MSR). After making a specific finding that the nature and circumstances of the offenses demanded protection of the public, the court ordered the sentences to be served consecutively. The court later corrected the judgment to extend the term of MSR to 4 years and reduce defendant's prison term on one count to 29 years. Defendant did not file a motion to withdraw his guilty plea or a direct appeal.

¶ 10    On November 20, 2019, defendant filed a *pro se* postconviction petition. The court found defendant raised the gist of a constitutional claim and appointed postconviction counsel.

¶ 11    Postconviction counsel filed an amended petition on September 24, 2020, asserting a claim not presented in defendant's *pro se* petition. The amended petition argued defendant's sentence must be set aside as void because it exceeded the statutory maximum for extended term Class 2

felonies (730 ILCS 5/5-4.5-35(a) (West 2016)). It explained that pursuant to *People v. Pullen*, 192 Ill. 2d 36 (2000), the maximum length of consecutive sentences that could be imposed on a defendant is determined with reference to the felonies committed, and the classification of the felonies remains unchanged notwithstanding any applicable sentencing enhancements. It argued defendant was convicted for two Class 2 felonies, and section 5-4.5-35(a) of the Unified Code of Corrections (730 ILCS 5/5-4.5-35(a) (West 2016)) limits the sentence of imprisonment for an extended term Class 2 felony to no less than 7 years and no more than 14 years. According to counsel, this meant defendant could not be sentenced to more than 28 years' imprisonment under section 5-4.5-35(a) (*id.*). The petition further alleged that defendant was undeniably prejudiced by serving a sentence 32 years longer than statutorily permissible, and therefore his sentence is void.

¶ 12    The State filed a motion to dismiss. It noted the limit on aggregate maximum sentences in *Pullen* does not apply if a court finds that the actions in each count constituted a separate course of conduct. Nevertheless, it conceded that *Pullen* was not considered at the time of the original plea and sentencing.

¶ 13    The State, however, explained that—pursuant to *People v. Castleberry*, 2015 IL 116916, ¶ 11—a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. It contended there was no dispute the court had jurisdiction in this matter. As such, defendant's voidable judgment was not subject to postconviction proceedings, because defendant received the benefit of his bargain and did not raise a plausible defense or a claim of innocence.

¶ 14    The State also argued defendant did not present an argument that but for the incorrect sentencing range admonition he would not have entered into the guilty plea. The State contended

4

that by failing to file a motion to withdraw his guilty pleas, defendant was attempting to circumvent plea negotiations.

¶ 15    On November 10, 2020, postconviction counsel filed a second postconviction petition. He reframed defendant's sentencing issue as an ineffective assistance of plea counsel claim. Specifically, he alleged plea counsel's actions fell below the standard of reasonableness where he misapprehended the law and agreed to a sentence term that was not permitted by law. It further contended defendant was undeniably prejudiced where he was sentenced to 32 years longer than statutorily permissible, and had plea counsel "performed adequately, the result would have been different."

¶ 16    The State filed another motion to dismiss, noting defendant's original charges of predatory criminal sexual assault carried a mandatory penalty range of natural life imprisonment and the parties reached a plea agreement on lesser offenses of aggravated criminal sexual abuse, a Class 2 felony, but due to the defendant's criminal history and the parties' agreement, he was subject to sentencing as a Class X offender. It asserted the question is "Would the defendant have opted to proceed to trial where he faced a sentence of mandatory life without parole, as opposed to accepting a plea agreement that offered a term of years between 40 and 60 years with the possibility of 50% credit under truth-in-sentencing?" The State argued it would not have been reasonable for defendant to reject the plea negotiation and proceed to trial, because he would have faced a mandatory sentence of life in prison without the possibility of parole.

¶ 17    The State also pointed out that "defendant himself does not argue that he would have done so" and defendant failed to state "but-for counsel's failure to do so, he would not have pleaded guilty." It further noted defendant's failure to include any affidavits to support the petition's claims, and the record showed a valid basis for the plea and a strong likelihood of a guilty verdict.

5

¶ 18    On May 5, 2021, postconviction counsel filed a Rule 651(c) certificate of compliance. In pertinent part, it stated: "2. I met with Defendant on March 29, 2021[,] to discuss his Third Amended Petition for Post-Conviction Relief."

¶ 19    Postconviction counsel filed the third amended postconviction petition on May 17, 2021. This petition asserted the same ineffectiveness claim as the second amended petition; however, it contained an additional actual innocence claim. The actual innocence claim was based on medical examinations revealing the child had chlamydia and defendant did not. Specifically, the petition stated during the plea hearing on July 20, 2019, the State asserted "the child's medical examination indicated she had chlamydia. Defendant twice tested negative for chlamydia on April 19, 2017, and September 26, 2018." The petition argued this was compelling evidence of defendant's innocence.

¶ 20    The State filed another motion to dismiss, asserting the same arguments against defendant's ineffective assistance of counsel claim. It also argued defendant's claim of actual innocence was based on evidence that was not new, material, or conclusive. It explained defendant knew he was being tested for sexually transmissible diseases and the test results dated April 19, 2017, were available prior to his guilty plea. Though the State would have argued a positive result was admissible and probative at trial, given the balance of the evidence in the case, a negative test result would not have caused an acquittal.

¶ 21    On September 24, 2021, postconviction counsel filed another Rule 651(c) certificate substantially similar to his previous certificate. It stated, in pertinent part, "2. I met with Defendant on March 29, 2021[,] to discuss his Third Amended Petition for Post-Conviction Relief."

¶ 22    A hearing on the State's motion to dismiss occurred on September 24, 2021. The State argued—*inter alia*—defendant did not show he would have gone to trial if he was properly advised

6

about the sentencing law concerning Class 2 felonies. It further stated, "He does not even say so in his own petition, your Honor."

¶ 23   Postconviction counsel argued that he provided compelling evidence of innocence because defendant did not have chlamydia around the time of the incident and S.H. did. Counsel further argued had defendant known about *Pullen* and that he was not subject to Class X sentencing, he might have "weigh[ed] his options in a different way." He noted that 28 years' imprisonment is significantly different from 60 years. Postconviction counsel argued, "[Defendant] may have chosen to go to trial, he may have chosen to not accept the plea of guilty. But he did not knowingly and voluntarily enter into this plea agreement because he was not given the information that he needed to make an educated decision."

¶ 24   When the court specifically asked if postconviction counsel's argument was that defendant would have rejected 60 years' imprisonment served at 50% despite him risking the possibility of mandatory life without parole at trial, counsel replied:

> "Our argument is that he didn't have all the information and had he had all the information and been provided with all the information, he would have been able to make a knowing, voluntary, educated decision. He wasn't provided with all the information. So we don't know what he would have done that's where we believe the ineffective assistance."

¶ 25   The court reminded counsel that it was defendant's burden to show he would have gone to trial and indicated saying "I don't know what he would have done" is insufficient. The court then stated that defendant's medical tests were not new. Postconviction counsel replied that the tests were provided to him as recently as the past few months and then explained why *Pullen* applies here. The court took the matter under advisement.

¶ 26    On October 1, 2021, the court granted the State's motion to dismiss defendant's third amended postconviction petition. The court found the trial court did not determine whether the charged offenses were separate courses of conduct because the parties agreed to Class X sentencing at the entry of the guilty plea. However, the court rejected defendant's ineffective assistance of counsel claims based on the failure to show prejudice. It specifically found that postconviction counsel "did not indicate during oral argument that his client would have gone to trial rather than plead guilty but for the alleged ineffectiveness of his trial counsel; he instead indicated that he did not know what his client would have done."

¶ 27    The court also rejected defendant's actual innocence argument. It found the test dated April 19, 2017, was new, but given the overwhelming evidence, a negative test for chlamydia would not be sufficient to support a claim of actual innocence.

¶ 28                                    II. ANALYSIS

¶ 29    On appeal, defendant raises two arguments, both relating to postconviction counsel's duties under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a three-stage process by which defendants may collaterally challenge their convictions and/or sentences for substantial violations of their federal or state constitutional rights. *People v. York*, 2016 IL App (5th) 130579, ¶ 15.

¶ 30    Because the right to counsel in postconviction proceedings is statutory rather than constitutional, defendant is entitled to the level of assistance guaranteed by the Act, which is reasonable assistance. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 29. Reasonable assistance is less than the constitutionally required effective assistance of counsel. *People v. Cotto*, 2016 IL 119006, ¶ 45. "To ensure that postconviction petitioners receive this level of assistance, Rule 651(c) imposes specific duties on postconviction counsel." *People v. Suarez*, 224 Ill. 2d 37, 42

8

(2007). Rule 651(c) requires postconviction counsel to (1) consult with petitioner to ascertain his or her contentions of deprivation of constitutional right, (2) examine the record of the proceedings at the trial, and (3) make any amendments to the *pro se* petition that are necessary for an adequate presentation of petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 31        A. All claims in the amended petition are subject to Rule 651(c).

¶ 32    We must first address the State's contention that any new claims in the amended petition are not subject to Rule 651(c) because such claims were not originally asserted by defendant in his *pro se* petition. To support its argument, the State relies on *People v. Cotto*, 2016 IL 119006, ¶ 41.

¶ 33    *Cotto* does not support the State's position. In *Cotto*, the Illinois Supreme Court determined all postconviction petitioners—regardless of *pro se* status—are entitled to reasonable assistance. See *id.* ¶¶ 41-42. In doing so, the court discussed Rule 651(c) but only to explain that Rule 651(c) was not "the only guarantee of reasonable assistance in postconviction proceedings." As such, *Cotto* does not regard the applicability of Rule 651(c).

¶ 34    We acknowledge the *Cotto* court noted, "Rule 651(c) applies only to a postconviction petition initially filed by a *pro se* defendant." *Id.* ¶ 41. To support such statement, the court cited *People v. Richmond*, 188 Ill. 2d 376, 381-83 (1999), which also explained that Rule 651 applied when a petitioner files a *pro se* petition, irrespective if he or she was later appointed counsel or retained private counsel. We find these statements offer nothing more than to say Rule 651(c) is applicable only where the initial postconviction petition is filed by a *pro se* petitioner. *Cotto*, 2016 IL 119006, ¶ 25.

¶ 35    Here, there is no question that defendant filed a *pro se* postconviction petition. Nothing in *Cotto* suggests Rule 651(c) is inapplicable to a new claim raised by counsel in an amended petition. Accordingly, *Cotto* is not instructive.

9

¶ 36      The State also bases its argument on the language of the rule that requires postconviction counsel to adequately present only petitioner's claims of constitutional error (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)) and on the established principle that Rule 651(c) does not require postconviction counsel to add additional claims not in the *pro se* petition (*People v. Davis*, 156 Ill. 2d 149, 164 (1993)). While we agree with these contentions generally, the contentions are not dispositive of the issues herein.

¶ 37      The State's argument, that new claims in an amended petition are not subject to Rule 651(c) because they are not "petitioner's claims of constitutional error," begs the question: whose claims are in the amended petition? Under Rule 651(c), postconviction counsel need not scour the record for constitutional errors not present in the *pro se* petition or add new constitutional errors to the amended petition. *Id.* However, in fulfilling its duty under Rule 651(c), counsel may raise additional claims if he or she so chooses. *People v. Pendleton*, 223 Ill. 2d 458, 476 (2006). "[T]he attorney-client relationship is a fiduciary relationship." *Horwitz v. Holabird & Root*, 212 Ill. 2d 1, 9 (2004). Counsel can make decisions regarding strategy and tactics on defendant's behalf (see *People v. Phillips*, 217 Ill. 2d 270, 281 (2005)), and parties are generally bound by the actions and omissions of their counsel. *Horwitz*, 212 Ill. 2d at 9. Consequently, while counsel is not required to raise new claims during representation of a defendant in postconviction proceedings, when he or she does, it is defendant's claim of constitutional error. Because the claims in the amended petition are those of defendant, the plain language of Rule 651(c) requires counsel to adequately present that claim.

¶ 38      Further support for our conclusion, that Rule 651(c) applies to new claims added by counsel in an amended postconviction petition, is seen in caselaw finding noncompliance with Rule 651(c) where postconviction counsel raised a new postconviction claim at the hearing on the motion to

10

dismiss the petition not previously presented in the amended petition. *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 31; *People v. Miller*, 2022 IL App (5th) 200151-U, ¶¶ 41-43 (postconviction counsel failed to comply with Rule 651(c) where he failed to allege prejudice regarding new claims of ineffective assistance of counsel and raised an additional claim of ineffectiveness at the hearing on the State's motion to dismiss that was based on an error not present in the *pro se* motion). While these cases concern the failure to include the entire claim in an amended petition, the cases' determinations, that any new claims must be present in the amended petition to satisfy Rule 651(c), endorse the notion that Rule 651(c) applies to both defendant's *pro se* claims and any new claims added by postconviction counsel. See also *People v. Smith*, 2023 IL App (1st) 210909-U, ¶¶ 82, 86.

¶ 39    Our holding is further supported by the purpose of the rule which is "to ensure that all indigents are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act." *People v. Brown*, 52 Ill. 2d 227, 230 (1972). Because counsel was appointed to represent a defendant who filed a *pro se* postconviction petition, Rule 651(c) is applicable here. We find no reason to excuse the protections of Rule 651(c) as to some claims in an amended petition where the rule otherwise applies.

¶ 40              B. Counsel's certificate complied with Ill. S. Ct. R. 651(c).

¶ 41    Under Rule 651(c), postconviction counsel is directed to file a Rule 651(c) certificate, stating that he or she (1) consulted with defendant to ascertain his or her claims of constitutional deprivation, (2) examined the record of the proceedings, and (3) "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The filing of a proper Rule 651(c) certificate creates a

11

rebuttable presumption that petitioner received the representation required by the rule. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. We review compliance with Rule 651(c) *de novo*. *Id.* ¶ 17.

¶ 42 Defendant first argues that because postconviction counsel failed to attest that he ascertained defendant's contentions of deprivation of constitutional rights, his certification fails to show compliance with Rule 651(c). He contends postconviction counsel limited the scope of his certification to a single communication on a single day concerning a single topic, the third amended petition. According to defendant, such statement does not prove that postconviction counsel ascertained defendant's claims of constitutional deprivations, especially considering defendant made several arguments of constitutional violations in his *pro se* petition that were not included in the amended petitions. We disagree.

¶ 43 Strict compliance to Rule 651(c) is not necessary; substantial compliance is sufficient. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19. The exact phrase "counsel consulted with petitioner to ascertain his contentions of deprivation of constitutional rights" need not be present for compliance with Rule 651(c). For example, in *People v. Richardson*, 382 Ill. App. 3d 248, 256- 57 (2008), the court found postconviction counsel's statement that "I have consulted with petitioner by letters" was sufficient to conclude postconviction counsel consulted with petitioner to ascertain his contentions of constitutional deprivations as required by Rule 651(c). While defendant here attempts to distinguish *Richardson* because that counsel broadly stated he "consulted with petitioner by letters," we find the more specific statement that counsel consulted with defendant "to discuss his Third Amended Petition for Post-Conviction Relief" provides even more support that counsel ascertained defendant's allegations of constitutional deprivations. *C.f. People v. Bashaw*, 361 Ill. App. 3d 963, 967 (2005) (when determining whether the Rule 651(c) certificate was sufficient in that case, the Second District took no issue with counsel's statement

that "I have consulted by mail with [defendant] concerning the allegations in this post-conviction petition").

¶ 44     Defendant's argument, that counsel's statement regarding a discussion of "a single topic" means counsel did not discuss defendant's claims of constitutional deprivation, is untenable. The "single topic" was the third amended petition, which necessarily encompasses a discussion of defendant's constitutional deprivation claims. If postconviction counsel was not discussing defendant's constitutional claims, there would be no need to consult defendant regarding the third amended petition. Moreover, defendant concedes the record shows that postconviction counsel spoke with defendant concerning the addition of his claim of actual innocence and defendant told postconviction counsel about several potential *Brady* violations. Defendant also asserts such facts support finding that counsel's certificate is insufficient because defendant made several *pro se* arguments of constitutional violations that were not included in the amended petitions. However, the fact that the amended petition omitted claims from the *pro se* petition is not indicative of counsel's failure to comply with Rule 651(c), as the rule does not require counsel to assert frivolous claims. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). We also reject defendant' argument that only meeting with defendant once suggests counsel did not discuss defendant's claims of constitutional deprivations; one consultation can be sufficient to ascertain defendant's claims of constitutional deprivation. *People v. Turner*, 187 Ill. 2d 406, 411 (1999).

¶ 45     We find that counsel's statement "I met with Defendant on March 29, 2021[,] to discuss his Third Amended Petition for Post-Conviction Relief" provides substantial compliance with Rule 651(c)'s requirement that he consult with defendant to ascertain any contentions of constitutional deprivation. As such, counsel's Rule 651(c) certificate provides the presumption that he complied with Rule 651(c).

13

¶ 46              C. The record rebutted counsel's certificate of compliance.

¶ 47     While the certificate in this case provides a presumption of compliance, the certificate is not conclusive of compliance. *People v. Perkins*, 229 Ill. 2d 34, 52 (2007). Postconviction counsel must still actually comply. See *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33 ("Counsel cannot fulfill his Rule 651(c) duties simply by filing a certificate if he has not provided adequate assistance."). If the record shows counsel failed to meet one of Rule 651(c)'s requirements, the presumption is rebutted and there is no compliance with Rule 651(c). See *People v. Johnson*, 154 Ill. 2d 227, 248-50 (1993).

¶ 48     Defendant contends the record rebuts the certificate's statement that postconviction counsel made the amendments necessary to adequately present defendant's claims of constitutional error where counsel did not allege that but for trial counsel's misapprehension of law regarding the applicable sentencing ranges, defendant would have rejected the plea and proceeded to trial. According to defendant, postconviction counsel's conclusory statement—that had trial counsel performed adequately, the result would have been different—was insufficient.

¶ 49     Postconviction counsel need not file an amended petition in every case. *Wallace*, 2018 IL App (5th) 140385, ¶ 30. However, postconviction counsel must make amendments that "are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). To adequately present a claim of ineffective assistance of counsel, the petition must allege counsel's performance fell below an objective standard of reasonableness and counsel's errors resulted in prejudice. *People v. Bailey*, 2020 IL App (5th) 160458, ¶ 86.

¶ 50     Usually, to establish prejudice under *Strickland*, defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the context of a guilty

14

plea, however, defendant must show that but for the alleged error, he would have rejected the plea and proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

¶ 51    Postconviction counsel here alleged "if counsel had performed adequately the result would have been different." In the context of a guilty plea, however, this allegation does not assert the necessary prejudice. Even taking the allegation as true and assuming "the result would have been different," the circuit court could not find ineffective assistance of plea counsel. See *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 34 (failure to allege defendant would not have pled guilty but for plea counsel's error precludes a finding of ineffective assistance of plea counsel) (collecting cases)).

¶ 52    Further, while postconviction counsel did not explicitly concede defendant failed to establish the necessary prejudice at the hearing on the motion to dismiss, he admitted it was unknown what defendant would have done if he had known about the applicable sentencing laws. Such speculative language is insufficient to allege prejudice. See *People v. Johnson*, 2021 IL 126291, ¶ 55. Moreover, counsel made this concession despite the court's reminders that counsel needed to allege defendant would have declined the guilty plea and proceeded to trial.

¶ 53    The State contends postconviction counsel argued as best as he could with the facts of this case and argued prejudice by stating that defendant did not have all the proper information to decide whether to go to trial. That may be so, but counsel may not assert frivolous claims or mislead the court with facts or the law, by filing the petition. *People v. Brown*, 2022 IL App (5th) 180507-U, ¶ 48. If there was no meritorious claim of prejudice based on the facts of this case, an ineffective assistance of plea counsel claim would have been meritless, and the appropriate action was to remove the claim from the petition. *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 22. Because counsel here included the claim in the petition, we presume he believed the claim

15

potentially had merit and therefore was required to adequately assert said claim. *Id.*; *Brown*, 2022 IL App (5th) 180507-U, ¶ 48

¶ 54　　Rule 651(c) is not merely a formality; rather it ensures that postconviction petitioners receive proper representation when asserting their constitutional claims. *Suarez*, 224 Ill. 2d at 47. Because prejudice is an essential element of an ineffective assistance of counsel claim, postconviction counsel failed to shape defendant's ineffective assistance of counsel claims in proper legal form. *Turner*, 187 Ill. 2d at 413; *Dixon*, 2018 IL App (3d) 150630, ¶¶ 16, 20; *People v. Jennings*, 345 Ill. App. 3d 265, 273-74 (2003); *People v. McDonald*, 2018 IL App (3d) 150507, ¶¶ 29-31. This failure prevented the court from considering the merits of the claim. *People v. Milam*, 2012 IL App (1st) 100832, ¶ 36.

¶ 55　　Accordingly, the record rebuts the presumption that postconviction counsel complied with Rule 651(c). See *People v. Frank*, 2021 IL App (3d) 180159-U, ¶ 16, *appeal denied*, 175 N.E.3d 68 (Ill. 2021). We therefore reverse the circuit court's dismissal and remand for new second-stage proceedings under the Post-Conviction Hearing Act with appointment for new postconviction counsel, who should comply with Rule 651(c). In fulfilling Rule 651(c) duties, new postconviction counsel should make any amendments necessary to adequately assert defendant's contentions of constitutional error and remove any claim that lacks legal merit.

¶ 56　　　　　　　　　　　　　　III. CONCLUSION

¶ 57　　For the foregoing reasons, we reverse the dismissal of the third amended postconviction petition and remand for new second-stage proceedings with the appointment of new postconviction counsel.

¶ 58　　Reversed and remanded.