NOTICE
Decision filed 11/06/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230378-U

NO. 5-23-0378

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 18-CF-222 |
| | ) | |
| CHRISTOPHER J. WESSLING, | ) | Honorable |
| | ) | Bradley T. Paisley, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Postconviction counsel failed to comply with Rule 651(c) where she did not amend the *pro se* petition to include the relevant legal test for defendant's proportionate penalties claim.

¶ 2    Defendant, Christopher J. Wessling, appeals from the second-stage dismissal of his postconviction petition. On appeal, defendant contends that postconviction counsel failed to comply with the requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we agree.

¶ 3                                    I. BACKGROUND

¶ 4    On September 24, 2019, defendant pled guilty to two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(4) (West 2018)) in exchange for a sentence of five years' imprisonment on one count, a four-year term of imprisonment on the other count, and the dismissal of several other

charges. After accepting the plea, the court sentenced defendant to five years' imprisonment on one count and four years on the other, to run consecutively and be served at 85% pursuant to section 3-6-3(a)(2)(ii) of the Unified Code of Corrections (Code) (730 ILCS 5/3-6-3(a)(2)(ii) (West 2018)). Defendant did not file a motion to withdraw his guilty plea, and there was no direct appeal in this matter.

¶ 5     Defendant filed a *pro se* postconviction petition on June 28, 2021. He argued: (1) section 3-6-3(a)(4.7) of the Code (*id.* § 3-6-3(a)(4.7)) facially violated the fourteenth amendment and equal protection clause by denying those serving 75%, 85%, or 100% of their sentence the opportunity to reduce their sentences by doing programming; (2) section 3-6-3(a)(2)(ii) of the Code (*id.* § 3-6-3(a)(2)(ii)) violates the eighth amendment and proportionate penalty clause where a person convicted of a Class 1 felony serves more time in prison than a person convicted of Class X felony although both are given the same sentence; (3) section 5-8-1(d)(4) of the Code (*id.* § 5-8-1(d)(4))—allowing a natural life mandatory supervised release (MSR) term for a Class 1 criminal sexual assault felony—violated the eighth amendment because it imposed a natural life MSR on a Class 1 felony for criminal sexual assault but no other Class 1 felony could be given a natural life sentence or MSR; and (4) section 3-3-9(a)(3) of the Code (*id.* § 3-3-9(a)(3)) violated the separation of powers doctrine because it allowed the executive branch to engage in the judicial function of imposing a sentence when MSR is violated and there was no opportunity to appeal such decision. In presenting the second issue, defendant cited *People v. Walden*, 199 Ill. 2d 392, 395-97 (2002), which used the cross-comparison analysis to determine whether a penalty was disproportionate under the Illinois Constitution. He contended that his sentence was grossly disproportionate to the severity of the crime where he had to serve 85% of his nine-year sentence

2

on a Class 1 felony but someone with a nine-year sentence for the Class X felony of child pornography would only be required to serve 50%.

¶ 6 A court notice, filed July 12, 2021, noted that the petition was forwarded to the judge. On February 23, 2022, defendant filed a "Notice of Address Change." In the document, he requested a rule to show cause on why the circuit clerk failed to respond to his prior filing. The same day, defendant refiled his *pro se* postconviction petition as well as the motion to appoint counsel.

¶ 7 Because over 90 days had passed since defendant originally filed his petition, the court automatically docketed the case for second-stage proceedings and appointed a public defender to represent defendant. Defendant's postconviction counsel filed a Rule 651(c) certificate on September 22, 2022, stating she consulted with defendant by phone to ascertain his contentions of constitutional error, she reviewed the transcripts, and no amendments to the petition were needed. The State filed its motion to dismiss defendant's petition on November 28, 2022, arguing (1) Illinois's truth-in-sentencing scheme did not violate equal protection because offenders who commit different offenses were not similarly situated; (2) defendant's sentence did not violate the eighth amendment or the proportionate penalties clause; and (3) the MSR term of three years to life did not violate the separation of powers clause of the Illinois Constitution.

¶ 8 The court heard the State's motion to dismiss on February 28, 2023. The State argued that defendant's arguments regarded policy objections rather than constitutional errors. As to defendant's proportionate penalties claim, the State contended that defendant's argument on proportionate penalties relied on a cross-comparison test, which was disavowed in *People v. Sharpe*, 216 Ill. 2d 481, 521 (2005) (abandoning the cross-comparison analysis for proportionate penalties of claims). Postconviction counsel argued that defendant's *pro se* motion contained a substantial showing of a constitutional violation.

3

¶ 9    The court granted the State's motion to dismiss, noting that it found the State's arguments "correct." Defendant's motion for leave to file a late notice of appeal was granted on August 2, 2023.

¶ 10                                    II. ANALYSIS

¶ 11    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a mechanism by which prisoners may collaterally challenge their convictions and sentences for substantial violations of their federal or state constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). Postconviction proceedings may consist of as many as three stages. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006). If the petition is not summarily dismissed at the first stage, the circuit court shall appoint counsel to represent the defendant if the defendant is indigent and desires counsel. 725 ILCS 5/122-2.1(b), 122-4 (West 2018).

¶ 12    The right to counsel in a postconviction proceeding is statutory, not constitutional. *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). A postconviction defendant is therefore only entitled to the level of assistance provided by the Act. *People v. Turner*, 187 Ill. 2d 406, 410 (1999).

¶ 13    The Act requires postconviction counsel to provide a reasonable level of assistance to defendant. *Id.* Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) outlines the steps an attorney must take to provide reasonable assistance. Specifically, Rule 651(c) requires postconviction counsel consult with defendant "to ascertain his or her contentions of deprivation of constitutional rights," examine the record of trial proceedings, and amend the petition as "necessary for an adequate presentation" of defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 14    "The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Compliance with Rule 651(c) may be shown "by the certificate of petitioner's

4

attorney." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). We review whether postconviction counsel substantially complied with Rule 651(c) *de novo*. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 15 While the certificate in this case provides a presumption of compliance, the certificate is not conclusive of compliance. *People v. Perkins*, 229 Ill. 2d 34, 52 (2007). Postconviction counsel must still actually comply. See *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33 ("Counsel cannot fulfill his Rule 651(c) duties simply by filing a certificate if he has not provided adequate assistance."). If the record shows counsel failed to meet one of Rule 651(c)'s requirements, the presumption is rebutted and there is no compliance with Rule 651(c). See *People v. Johnson*, 154 Ill. 2d 227, 248-50 (1993). Failure to comply with Rule 651(c) requires reversal regardless of whether the petition's claims are meritless. *People v. Addison*, 2023 IL 127119, ¶ 33.

¶ 16 On appeal, defendant argues that postconviction counsel should have either withdrawn as counsel if she believed the *pro se* petition lacked merit or postconviction counsel should have replied to the State's motion to dismiss and argued in favor of defendant's petition at the second-stage hearing. The State argues that counsel can either withdraw or stand on the *pro se* petition if counsel found the petition lacked merit, but it contends nothing in the record here suggests that postconviction counsel found defendant's *pro se* petition to be meritless.

¶ 17 In *People v. Huff*, 2024 IL 128492, ¶ 28, the Illinois Supreme Court noted that it addressed the hypothetical question of what counsel is to do when counsel believes the contentions in a *pro se* petition are frivolous in *People v. Greer*, 212 Ill. 2d 192, 206 (2004). It acknowledged that "*Greer* suggests that, if appointed counsel *knows* that a petitioner's claims were frivolous or patently without merit, then counsel has an ethical duty to withdraw." (Emphasis added.) *Huff*, 2024 IL 128492, ¶ 29. However, the Illinois Supreme Court clarified that postconviction counsel has no

5

duty to withdraw if there is no indication that counsel knew the claim was frivolous and there was no first-stage ruling on the petition, even if the claim in the petition is legally weak. *Id.* ¶ 30.

¶ 18 As the State suggests, there is no indication that postconviction counsel here believed defendant's claims were frivolous. While counsel did not file a separate response to the motion to dismiss, counsel did not concede the State's motion to dismiss or argue defendant's claims lacked merit. In fact, postconviction counsel argued that the *pro se* petition made a substantial showing that defendant's constitutional rights were violated. Further, there was no first-stage finding regarding the sufficiency of the petition. Thus, pursuant to *Huff*, postconviction counsel had no duty to withdraw under those circumstances. *Id.*

¶ 19 Having decided that counsel was not required to withdraw here, we must now address whether the record rebuts the presumption that counsel complied with Rule 651(c). Defendant's argument only addresses the third requirement of Rule 651(c), *i.e.*, making all necessary amendments to adequately present defendant's claims. He asserts that counsel did not make all the necessary amendments for his proportionate penalties claim where counsel failed to replace the overruled standard with the applicable legal standard.

¶ 20 It is undisputed that postconviction counsel failed to remove the overruled test and analyze the proportionate penalties claim under the proper standard. Defendant cited *Walden* to support his use of the cross-comparison analysis to determine his sentence violated the proportionate penalties clause. The cross-comparison analysis involves two steps: (1) "whether the purposes of the compared offenses are distinct such that comparative proportionality review is not appropriate," and (2) "if the purposes are deemed related, we consider whether the offense with the harsher penalty is more serious than the offense with the less severe penalty." *People v. Hill*, 199 Ill. 2d 440, 454 (2002), *overruled by People v. Sharpe*, 216 Ill. 2d 481 (2005). However, in *Sharpe*, 216

Ill. 2d at 519, the Illinois Supreme Court expressly abandoned the cross-comparison analysis test as a framework under which a defendant can lodge a proportionate penalties claim. After *Sharpe*, two frameworks remain to challenge a sentence under the proportionate penalties clause. *Id.* at 521. The first framework requires a defendant to show his punishment " 'is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community.' " *People v. Hilliard*, 2023 IL 128186, ¶ 20 (quoting *People v. Miller*, 202 Ill. 2d 328, 339 (2002)). The second framework requires a defendant show that his "penalty is harsher than the penalty for a different offense containing identical elements." *Id.*

¶ 21    As noted above, appointed counsel must only make amendments deemed necessary to "adequately" present the claims the defendant raised in the *pro se* petition. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 30. When counsel asserts a claim the claim must be in proper legal form. *Huff*, 2024 IL 128492, ¶ 21. Therefore, the question before us is whether a claim can be in proper legal form when it relies on an overruled constitutional test or standard. We have yet to find a case that addresses such issue, but we answer the question in the negative.

¶ 22    In the seminal case, *People v. Turner*, 187 Ill. 2d 406, 413 (1999), the Illinois Supreme Court established that the failure to plead prejudice in a postconviction petition rebuts the presumption that postconviction counsel made all necessary amendments to adequately present an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). See also *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 16, 20; *People v. Williams*, 2023 IL App (5th) 210322-U, ¶ 54. In doing so, it relied upon the fact that the allegation of prejudice is an essential element of the defendant's ineffective assistance of counsel claim. See *Turner*, 187 Ill. 2d at 413. Other cases have also found that postconviction counsel failed to make the necessary amendments as required by Rule 651(c) where counsel failed to allege all elements of a claim. *People v.*

7

*Jennings*, 345 Ill. App. 3d 265, 273-74 (2003); *People v. McDonald*, 2018 IL App (3d) 150507, ¶¶ 29-31.

¶ 23    Just as *Strickland* expounds the test necessary for an ineffectiveness claim, *Sharpe* provides the standards relevant to a proportionate penalties claim. The cross-comparison analysis became irrelevant to a proportionate penalties claim once *Sharpe* overruled it. See *Sharpe*, 216 Ill. 2d at 521 ("A defendant may no longer challenge a penalty under the proportionate penalties clause by comparing it with the penalty for an offense with different elements."). To properly present a proportionate penalties claim raised after 2005, counsel was required to frame the argument in a manner consistent with *Sharpe*. The argument presented in the *pro se* petition in no way implies an argument that defendant's sentence was cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community, or that his sentence was harsher than the penalty for a different offense containing identical elements. Rather, his argument was limited to the abandoned cross-comparison analysis regarding the instant charge and a separate, different offense of child pornography. Thus, by analyzing the issue under an abandoned test, postconviction counsel presented defendant's proportionate penalties claim under an improper legal framework. Similar to those cases that found postconviction counsel did not make the necessary amendments to an ineffective assistance of counsel claim by failing to assert all the elements of *Strickland*, counsel here failed to make the necessary amendments to defendant's proportionate penalties claim by failing to utilize the proper legal standard enunciated in *Sharpe*.

¶ 24    The State argues that defendant fails to meet the burden of showing counsel failed to substantially comply with Rule 651(c) where his reference to adding different authority on a single line in the *pro se* petition does not show that counsel could have amended the petition to state a claim on which relief could be granted. The State misconstrues the issue before us.

8

¶ 25    This is not a case where a defendant contends counsel should have better supported a claim or added a claim that was not present in the *pro se* petition. Under those circumstances, defendant would have to show if a claim had merit or that supporting evidence existed. See *People v. Nelson*, 2024 IL App (5th) 210311, ¶ 44; *People v. Stovall*, 47 Ill. 2d 42, 46 (1970).

¶ 26    Rather, the case before us involves more than insufficient factual allegations or failure to include a claim. The record here shows counsel intentionally presented a proportionate penalties claim to the court without shaping it into proper legal form, which rebuts the presumption that counsel complied with Rule 651(c). Prejudice is not required for remand when counsel fails to shape a claim in the proper legal form. *Addison*, 2023 IL 127119, ¶¶ 33, 37. Our supreme court has repeatedly clarified that when there is noncompliance with Rule 651(c), remand is required "without a consideration of whether the petition's claims have merit." *Id.* ¶¶ 33, 37, 42. "[I]t would not be appropriate to affirm the dismissal of the petition when counsel had not shaped the claims into the proper form." *Id.* ¶ 41. We therefore reverse and remand for the appointment of new postconviction counsel who should comply with Rule 651(c) and amend the petition as necessary.

¶ 27                                    III. CONCLUSION

¶ 28    Postconviction counsel failed to comply with Rule 651(c) where she did not replace an overruled legal standard with the relevant legal framework for the proportionate penalties claim in defendant's postconviction petition. Accordingly, we reverse and remand for compliance with Rule 651(c).


¶ 29    Reversed and remanded.